**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1-26-cv- 05525

THE CITY OF GLENWOOD SPRINGS

Plaintiff,

v.

JG HOUSING SOLUTIONS, LLC

Defendant.

---

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JG Housing Solutions, LLC ("Defendant"), by and through its legal counsel, GARFIELD & HECHT, P.C., gives Notice of Removal of Case No. 2026CV30217 from the District Court of Garfield County, Colorado ("State Court Action"), to the United States District Court for the District of Colorado. Defendant appears solely for the purpose of filing this Notice of Removal ("Notice") and reserves all claims, rights, and defenses. As grounds for removal, Defendant states as follows:

**UNDERLYING ACTION**

1. Plaintiff The City of Glenwood Springs ("Plaintiff") filed its Complaint in the State Court Action on September 25, 2026. In compliance with 28 U.S.C. § 1446(a), a copy of the Complaint, Summons, and the District Court Civil Case Cover Sheet, and Delay Reduction Order submitted with it are attached hereto as **Exhibit "A."**

2. As relevant to this Notice, the Complaint contains the following material allegations:

a. Defendant owns and leases commercial property located at 100 Midland Avenue, Suites 110 and 210, Glenwood Springs, Colorado (the "Property"). Compl. ¶ 5. Defendant leases the Property to the United States General Services Administration ("GSA") for an administrative office of the United States Immigration and Customs Enforcement ("ICE"), "where ICE conducts investigations, processes detainees or other persons under its jurisdiction, and for temporary holding of detainees who are processed to other facilities." *Id.* ¶ 6.

b. The federal government has leased the Property for over 20 years, and Plaintiff issued a special use permit with an effective date of May 27, 2004, authorizing ICE to temporarily detain individuals at the Property for up to 12 hours. *Id.* ¶¶ 15-19. The Complaint alleges that ICE detained individuals at the Property for more than 12 hours on several occasions in 2025, prompting Plaintiff's Planning and Zoning Commission to revoke the special use permit in late April 2026. *Id.* ¶¶ 21-26. According to the Complaint, under the operative version of the Glenwood Springs Municipal Code, detention facilities are not allowed within city limits. *Id.* ¶ 13.

c. Despite the revocation of ICE's special use permit, ICE allegedly continues to detain individuals at the Property. According to data purportedly reviewed by Plaintiff, from May 22, 2026, through August 4, 2026, ICE detained 27 persons at the Property "in continuing violations of the City's Code." *Id.* ¶ 31.

3. Plaintiff seeks declaratory and injunctive relief against Defendant as the owner and landlord of the Property based on ICE's alleged ongoing violations of the local zoning code. Specifically, Plaintiff requests the Court to declare that Defendant is leasing the Property in violation of city code because ICE is allegedly detaining individuals at the Property without a permit. *Id.* ¶ 63. Plaintiff also asks the Court to declare that Plaintiff may recover from Defendant

"a fine of $1,000.00 a day from the first violation of the Code and for each and every day until the violations cease; or alternatively, a $1,000.00 [penalty] for each specific violation of the code." *Id.* In addition, Plaintiff requests that the Court enjoin Defendant from leasing the Property to the United States "for detentions" and impose a penalty of $1,000 for each violation of the city code. *Id.* ¶¶ 79-80. Plaintiff does not object to Defendant leasing the Property to the United States as long as ICE does not use the Property to hold detainees. *Id.* ¶¶ 43-44.

4. Plaintiff served Defendant with process on October 23, 2026. Defendant timely files this Notice within 30 days of being served with the Complaint. *See* 28 U.S.C. § 1446(b)(1). A copy of the Return of Service is attached **as Exhibit "B."**

5. In compliance with D.C.COLO.LCivR 81.1(b), a current docket sheet for the State Court Action is attached as **Exhibit "C."**

6. As required by 28 U.S.C. § 1446(d), the Notice of Removal to Federal Court attached as **Exhibit "D"** will be filed in the State Court Action upon the filing of this Notice and duly served on Plaintiff's counsel. A copy of this Notice will be attached to the Notice of Removal to Federal Court.

7. As of the filing of this Notice, there are no pending motions or hearings scheduled in the State Court Action.

8. The Garfield County (Colorado) District Court lies within the geographic boundaries of the United States District Court for the District of Colorado. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

9. Defendant is the only named defendant in the State Court Action. The rule of unanimity under 28 U.S.C. § 1446(b)(2)(A) is therefore inapplicable, and no other party's consent to removal is required.

10. As explained below, Defendant is entitled to remove the State Court Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

**BASIS FOR REMOVAL**

11. Federal courts have original jurisdiction over civil actions between citizens of different states and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal of an action from state court to federal court on the basis of diversity jurisdiction is therefore proper. 28 U.S.C. § 1441(a).

**A. Diversity of Citizenship**

12. The State Court Action is a dispute between a city in Colorado and a limited liability company.

13. Plaintiff is a municipal corporation of the State of Colorado, located in Garfield County. Compl. ¶ 1. A political subdivision of a State that is not merely "the arm or alter ego of the State" is a citizen of that State for purposes of diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 717-18 (1973). Plaintiff is not an "arm or alter ego" of Colorado; thus Plaintiff is a citizen of Colorado for purposes of diversity jurisdiction.

14. Defendant is a limited liability company. Compl. ¶ 2. For purposes of diversity jurisdiction, a limited liability company is a citizen of each State of which its constituent members are citizens; the LLC's citizenship is not determined by its State of organization or its principal

place of business. *See Americold Realty Trust v. ConAgra Foods, Inc.*, 577 U.S. 378, 381 (2016); *see also Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990); *Siloam Springs Hotel, LLC v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015); *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) ("a limited liability company is a citizen of the states of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state").

15. At all relevant times, including the date Plaintiff filed the Complaint through today, Jeffrey Gillespie and Julie Gillespie, a married couple, have been Defendant's only members. *See* Declarations of Mr. and Mrs. Gillespie attached as **Exhibits "E"** and "**F"**, respectively.

16. In the case of natural persons, state citizenship for purposes of 28 U.S.C. § 1332 is the equivalent of domicile. *Wallace v. HealthOne*, 79 F. Supp. 2d 1230, 1233 (D. Colo. 2000). "Domicile, in turn, is the combination of physical presence in a location and an intent to remain there indefinitely." *Martinez v. Martinez*, 62 F. App'x 309, 313 (10th Cir. 2003).

17. At all relevant times, including the date Plaintiff filed the Complaint through today, the Gillespies have been citizens of Florida. As reflected in their attached declarations (*see* Exs. E & F), the Gillespies own a home in Florida where they have lived continuously since 2021. Ex. E ¶¶ 4-5, Ex. F ¶¶ 4-5. The Gillespies have never lived in Colorado. Ex. E ¶ 16; Ex. F ¶ 16. The Gillespies have Florida drivers' licenses, are registered to vote in Florida, own motor vehicles that are registered in Florida, maintain Florida automobile insurance, file their federal income taxes listing their Florida residence as their home address, receive mail at their Florida home, maintain their personal belongings at their Florida home, and intend to remain in Florida indefinitely. Ex. E ¶¶ 6-15; Ex. F ¶¶ 6-15.

18. Because Plaintiff is a Colorado citizen and Defendant is a Florida citizen, there is complete diversity between the parties.

**B. Amount in Controversy**

19. When removal is based on diversity of citizenship, the notice must allege that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446(a). A notice of removal needs only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by 28 U.S.C. § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

20. The amount in controversy is determined at the time the case is removed to federal court. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (providing that the amount in controversy is determined "as of the date of removal"); *see also Jones v. Compass Bancshares Inc.*, 339 F. App'x 410, 412 (5th Cir. 2009) ("It is well established that the amount in controversy is determined at the time of removal."); *Ogburn v. Am. Nat'l Prop. & Cas. Co.*, No. 14-cv-02339, 2014 WL 5395198, at *2 (D. Colo. Oct. 23, 2014).

21. "In cases seeking declaratory and injunctive relief, 'the amount in controversy is measured by the value of the object in litigation.'" *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The Tenth Circuit applies the "either viewpoint" rule, "which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Id.* (citing *Justice v. Atchison, Topeka & Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir. 1991)); *see also City*

*of Moore v. Atchison, Topeka & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983) ("To determine the amount in controversy, we look to the pecuniary effect an adverse declaration will have on either party to the lawsuit."). The amount in controversy can be established by, among other things, calculations derived from the complaint's allegations. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008).

22. Here, the amount in controversy exceeds $75,000.00, whether measured by the potential benefit to Plaintiff or the detriment to Defendant. Plaintiff alleges that ICE data shows ICE detained 27 individuals at the Property from May 22, 2026, through August 4, 2026.[1] Compl. ¶¶ 30-31. Plaintiff seeks an order entitling it to a $1,000.00 per day penalty against Defendant based on ICE's alleged conduct "from the first violation of the Code and for each and every day until the violations cease." Compl. at 14; *see also id.* ¶ 63.c (asking the Court to declare that Plaintiff "may recover a fine of $1,000.00 a day from the first violation of the Code and for each and every day until the violations cease; or alternatively, a $1,000.00 [penalty] for each specific violation of the Code"). There are 75 days starting from May 22, 2026, to and including August 4, 2026. But Plaintiff does not limit its request for daily penalties to that period. Plaintiff asks the Court to declare that Plaintiff is entitled to $1,000.00 per day, calculated from the earliest alleged violation (May 22, 2026) until the date the alleged violations cease.

23. According to Plaintiff, ICE's conduct is ongoing, and ICE allegedly continues to detain individuals at the Property. *See id.* ¶ 14 ("Because one of the current uses by [Defendant's]

---

[1] Plaintiff alleges that it "received data provided by ICE in response to a FOIA request that was processed by the Deportation Data Project." Compl. ¶ 31. The Deportation Data Project's website provides that it has released ICE data updated through August 6, 2026. *See* https://deportationdata.org/news/2026-08-24-ICE-release.html (last visited October 26, 2026).

tenant is not a permissible use under the Code, [Defendant] must be enjoined from continuing to lease the [Property] for that purpose."); *id.* ¶ 60 ("After the April revocation of the [special use permit], the [Defendant] continues to lease a facility used for detention in violation of the City's Code. . . ."); *id.* ¶ 69 ("[Defendant's] violation of the Code by not complying with the terms of the [special use permit], and continuing after the revocation are ongoing and constitute a nuisance that will continue unless enjoined by this Court."). Plaintiff thus alleges a continuing violation arising from ICE's purported detention of individuals after the revocation of ICE's special use permit. There are 158 days from May 22, 2026, through the date Defendant filed the Notice of Removal; i.e., potentially $158,000.00 in purported penalties that Plaintiff claims continue to accrue.

24. In addition, the civil case cover sheet filed in the State Court Action provides that Plaintiff "is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs." Ex. A at 4. Plaintiff's counsel signed the civil cover sheet certifying under C.R.C.P. 11 that "the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000." *Id.* Although an allegation in a civil case cover sheet that the amount in controversy exceeds $75,000.00 is not necessarily dispositive of whether the amount in controversy requirement is met, it is nevertheless relevant to the determination. *See Stipek v. Safeco Ins. Co. of Am.*, No. 24-cv-02163, 2024 WL 4665447, at *4 (D. Colo. Nov. 4, 2024) (concluding that the civil cover sheet, along with other documents, supported a finding that the amount in controversy exceeded $75,000.00); *see also Crawford v. Nuclear Med. Tech. Certification Bd.*, No. 23-cv-02300, 2023 WL 7277257, at *1 (D. Colo. Sept. 25, 2023) ("[A] civil cover sheet which indicates that the amount in controversy exceeds $75,000 puts a defendant on notice that a case *may* be removable and starts the 30-day removal period, but it is not *necessarily*,

by itself, always adequate for the Court to find that it has subject matter jurisdiction under 28 U.S.C. § 1332(a).”).

25. The civil case cover sheet, the allegations in the Complaint that the allegedly unlawful detentions began on May 22, 2026, and are ongoing, and the requested relief of $1,000.00 per day in penalties from the date of the first detention and continuing each day until the detentions end establish that the amount in controversy exceeds $75,000.00.

26. Moreover, separate from the penalties, Plaintiff seeks permanent injunctive relief prohibiting Defendant from leasing the Property to the federal government for ICE’s allegedly improper detention use; the value of that relief—measured by the right Plaintiff seeks to enforce or by the loss to Defendant of its commercial lease of the Property—likewise exceeds $75,000.00. Indeed, Defendant’s long-term lease with GSA is not scheduled to expire until April 1, 2031, and Defendant is expected to receive payments totaling more than $75,000.00 under the lease during its remaining term. *See* Ex. E ¶ 17.

27. Because there is complete diversity between the parties to this case and the amount in controversy exceeds $75,000.00, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), so removal is proper.

Date: October 26, 2026.

Respectfully submitted,

GARFIELD & HECHT, P.C.

*s/ Mary Elizabeth Smith*

Christopher D. Bryan
Mary Elizabeth Smith
625 E. Hyman Avenue, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-1936
Fax: (970) 925-3008
E-mail: cbryan@garfieldhecht.com

E-mail: mesmith@garfieldhecht.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on October 26, 2026, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court via CM/ECF and sent via e-mail and U.S. mail to the following:

Karl J. Hanlon
James F. Fosnaught
Rachael A. Sigman
Karp Neu Hanlon, P.C.
201 14th Street, Suite 200
P.O. Drawer 2030
Glenwood Springs, Colorado 81601
kjh@mountainlawfirm.com
jff@mountainlawfirm.com
ras@mountainlawfirm.com

*Counsel for Plaintiff*

Garfield County District Court
109 8th Street, Suite 207
Glenwood Springs, Colorado 81601

*s/ Rachael Pudlo*
Rachael Pudlo