| | |
|---|---|
| DISTRICT COURT, GARFIELD COUNTY, COLORADO<br>109 8th Street, Suite 207<br>Glenwood Springs, CO 81601<br>970-928-3065 | DATE FILED<br>September 25, 2026 2:29 PM<br>FILING ID: 17D18852C2A42<br>CASE NUMBER: 2026CV30217 |
| **PLAINTIFF**:<br>THE CITY OF GLENWOOD SPRINGS<br><br>v.<br><br>**DEFENDANT:**<br>JG HOUSING SOLUTIONS, LLC | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff*:<br>Karl J. Hanlon, #27320<br>James F. Fosnaught, #31820<br>Rachel A. Sigman, #60900<br>Karp Neu Hanlon, P.C.<br>201 14th Street, Suite 200<br>P. O. Drawer 2030<br>Glenwood Springs, CO 81602<br>Tel.:(970) 945-2261<br>kjh@mountainlawfirm.com<br>jff@mountainlawfirm.com<br>ras@mountainlawfirm.com | Case Number: 2026CV______<br><br>Div. |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, the City of Glenwood Springs (the "City"), by and through their attorneys, Karp Neu Hanlon P.C., respectfully submits this *Verified Complaint for Declaratory and Injunctive Relief*, and states as follows:

## I. INTRODUCTION

This matter involves a zoning enforcement action against JG Housing Solutions, LLC ("Landlord" or "Owner") for permitting an unauthorized use (detention for any period of time) on their commercial property. The City seeks a Declaration that all uses of Owner's property must

**EXHIBIT A**

comply with the City's Land Use Code, and such further relief that the Owner is continuously liable for the ongoing violations of the code on a daily basis until stopped, or alternatively, liable for each specific use that is a violation of the City's code, as well as an injunction against Owner from permitting or leasing its property for an impermissible purpose in violation of the City's zoning laws.

## II. The Parties

1) City is a home rule municipal corporation of the State of Colorado, located in Garfield County at 101 W. 8th Street, Glenwood Springs, CO 81601.

2) JG Housing Solutions, LLC is a Colorado Foreign Limited Liability Company, with a principal office and mailing address at 15444 27th Ct E, Parrish, FL 34219.

## III. Jurisdiction and Venue

3) Personal and subject matter jurisdiction are proper in this Court pursuant to Colorado's general jurisdiction and long arm statutes found at C.R.S. § 13-1-124 and the Colorado Constitution, Article 6, Section 9; due to JG Housing Solutions, LLC's incorporation as a foreign entity in the State of Colorado, its ownership of real property in Garfield County, Colorado, and its transaction of business in Garfield County Colorado.

4) Venue is proper in Garfield County pursuant to Rule 98(a) of the Colorado Rules of Civil Procedure, because this dispute involves conduct that affects real property in Garfield County, Colorado.

## IV. GENERAL ALLEGATIONS

5) Landlord is the Owner of, and leases real property located at 100 Midland Ave., Glenwood Springs, CO 81601, including Suites 110 and 210 (the "Leasehold"). An exterior photo of the Leasehold is depicted in fig. 1



Marilyn Gleason

100 Midland Avenue, ICE facility

Fig. 1.

6) On information and belief, Owner originally leased and continues to lease a portion of the building located at 100 Midland Avenue, Suites 110 and 210 under a commercial lease to the General Services Administration ("GSA"), for an administrative office of the U.S. Immigration and Custom Enforcement ("ICE"), where ICE conducts investigations, processes detainees or other persons under its jurisdiction, and for temporary holding of detainees who are being processed to other facilities.

7) Both the GSA and ICE are agencies of the United States government.

8) City has adopted the Glenwood Springs Municipal Code, ("GSMC" or the "Code"), which among other things, regulates the uses of properties located within City.

9) The Code was enacted pursuant to Plaintiff's authority under the Local Government Land Use Control Enabling Act of 1974, C.R.S. § 29-20-101 et seq., and applicable municipal and local government zoning enabling statutes.

10) The general purpose of the current City code is to protect the public health, safety, and welfare of the City and to implement the policies, goals, and strategies adopted by City, including those set forth in the Glenwood Springs Comprehensive Plan. GSMC 070.010.030 (a).

11) The current code became effective on August 16, 2018. GSMC 070.010.020.

12) The code existing in 2003 and 2004 permitted detention facilities within the City limits only with a special use permit.

13) The current City Code does not permit detention facilities within the City limits. No Special Use Permit exists to allow detention facilities with a special use permit. GSMC 070.030.020 - Table of Allowed Uses.

14) Because one of the current uses by Owner's tenant is not a permissible use under the Code, Owner must be enjoined from continuing to lease the Leasehold for that purpose.

*Brief History of the permitting and allowed uses of Defendant's Property Since May 2003*

15) On May 27, 2003, the City's Planning and Zoning Commission considers granting a Special Use Permit for a Government Administrative Office for Investigation, Processing and Temporary Holding Facility for Use by the Bureau of Immigration and Customs Enforcement[1], in the C/3 General Commercial Zone (the "SUP").

16) The Applicant for the SUP was Russell Fury, US General Services Administration for the following: Location is Lot 1, Wulfsohn West Subdivision.

17) The Planning Commission voted unanimously to approve the SUP allowing, among other things, temporary detentions up to 12 hours.

18) On May 28, 2003, the City sent Mr. Fury a letter outlining the conditions of the SUP.

19) The SUP was issued as Special Use Permit #4-04 with an effective date of May 27, 2004.

20) Condition no. 1 of the SUP required compliance with the SUP's application materials which include the documents listed below, all of which refer to a maximum detainee hold time of 12 hours at the facility:

a) INS Detention Standards Hold Rooms in Detention Facilities;

b) April 25, 2003 letter from the GSA to the City;

c) May 7, 2003 letter from the GSA to the City;

d) May 22, 2003 Planning Commission Action Report ; and

e) May 27, 2003 Planning Commission meeting minutes

---

[1] The Bureau of Immigration and Customs Enforcement changed its name in 2007 to Immigration and Customs Enforcement.

21) On March 6, 2026, the City was provided with Freedom of Information Act (FOIA) data showing that the 12-hour maximum hold times under the SUP were met or exceeded 10 times (3 exact 12-hour holds) in May and August of 2025.

22) On March 25, 2026, the City sent a Notice of Violation (the "NOV") via United States Post Office certified mail and email, to the entities associated with the uses of the Leasehold in accordance with GSMC 070.010.080(d).

23) On April 28, 2026, during a properly noticed public meeting regarding the NOV, the City's Planning and Zoning Commission voted 5-1 to revoke the SUP for the ICE facility located at 100 Midland Ave., Unit 110 and 210.

24) GSA, ICE, and the Owner were provided notice of the Planning and Zoning Commission meeting.

25) The City's Zoom recorded record of the hearing shows Mr. Gillespie, the manager of Owner was present online and attended the hearing virtually.

26) On April 30, 2026, the City's Community Development Director, Trent Hyatt, sent a Notice of Decision to JG Housing Solutions, LLC, GSA, and ICE.

27) Neither the GSA, ICE, nor the Owner appealed the decision within the 7-day appeals period, afforded under the Code, nor was the decision appealed within 28 days under 106(a)(4).

28) The repeal of the SUP is a final decision, and Owner, just like every other landlord in the City may not use, or lease its property for detentions.

29) On July 24, 2026, the City received notice that a detention occurred at the Leasehold in violation of the City's Code.

30) The City subsequently received data provided by ICE in response to a FOIA request that was processed by the Deportation Data Project.

31) The ICE data shows that beginning between May 22, 2026 through August 4, 2026, ICE detained 27 persons in the Leasehold in continuing violations of the City's Code.

32) On multiple occasions, ICE has detained and held three persons at the same time.

33) On information and belief, ICE refers to that portion of the Leasehold as a "hold room."

34) A "hold room" is defined as "[a] secure area used for temporary **confinement of detainees** before in-processing, institutional appointments (court, medical), release, transfer to another facility, or deportation-related transportation. ICE National Detention Standards, rev. 2025 at 219.

35) A hold room used by ICE is a temporary detention facility.

36) When the SUP was in effect, the Leasehold legally operated as a short-term transfer point subject to the twelve hour maximum hold time.

37) Persons processed out of Glenwood are transferred to a regional long term hold facility located at 3130 N. Oakland Street, Aurora, CO 80010.

38) This processing and detention center in Aurora is operated by the GEO Group. It serves as the primary long-term and short-term immigration detention facility in the state.

39) On information and belief, in addition to the Glenwood Springs Office, ICE operates additional facilities in Colorado in or adjacent to the following municipalities: Grand Junction, Alamosa, Craig, Durango, Denver, Colorado Springs (El Paso area), Pueblo and Frederick (the "Other Facilities").

40) On information and belief, each of the Other Facilities contain hold rooms for processing detainees.

41) ICE has the ability to processing potential detainees including holding them on a temporary basis at one of the multiple Other Facilities that are not subject to a Land Use code which prohibits detentions.

42) ICE's enforcement work would be unaffected by prohibiting detentions at the Leasehold.

43) ICE could continue to arrest, interrogate, and begin the removal of process from Glenwood Springs.

44) ICE may continue its mission as allowed by the law, except for holding persons at a location that the City's Code does not permit.

45) On information and belief, the GSA uses its own lease forms or includes its own conditions when leasing property from private landlords.

46) On information and belief, GSA utilized language from, or similar to, that contained in GSA 3517B which provides, in whole or in part:

> Lessor shall comply with all Federal, state and local laws applicable to its ownership and leasing of the Property, including, without limitation, laws applicable to the construction, ownership, alteration or operation of all Buildings, structures, and facilities located thereon, and obtain all necessary permits, licenses and similar items at its own expense. The Government will comply with all Federal, state and local laws applicable to and enforceable against it as a tenant under this Lease, provided that nothing in this Lease shall be construed as a waiver of the sovereign immunity of the Government. This Lease shall be governed by Federal law.

47) On information and belief, even under its own lease, the Owner agreed to comply with local laws, including those that apply to the facility, which compliance includes not leasing a space for the purposes of operating a detention facility within the City.

48) On information and belief, the agreement to comply with local laws applicable to facilities like the Leasehold, is in each lease or renewal of lease for the Leasehold since 2003.

49) If the leasing for detentions ceased, ICE would still be permitted to use the Leasehold for its other administrative office functions, which are allowed under the property's current zoning.

50) The Code provides that any violation shall be subject to a fine of not more than one thousand dollars ($1,000.00). However, each day's continuing violation shall be a separate and distinct offense.

51) GSMC 070.010.080 provides:

> *(b) Violations.* Any person who violates any provision of this Code shall be deemed guilty of a Code violation punishable in accordance with Subsection 070.010.080(e). Each of the following activities constitutes a violation of this Code:
>
> (1) *Activity Inconsistent with this Code.* Any erection, construction, reconstruction, remodeling, alteration, maintenance, expansion, movement, or use of any land, building, structure, or sign that is inconsistent with this Code.

## FIRST CLAIM FOR RELIEF

### (DECLARATORY RELIEF)

52) GWS incorporates by reference the allegations set forth above as if fully set forth herein.

53) Under C.R.C.P. 57 and C.R.S. § 13-51-106, this Court has the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

54) C.R.S. § 13-51-106 provides:

> Any person interested . . . or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

55) A claim for declaratory relief may be maintained where there is an actual controversy between the parties, which would be resolved by the Court's declaration.

56) In July 2026, the City learned for the first time since the SUP was revoked at the end of April 2026, that the Owner is continuing to allow detentions at the Leasehold.

57) On information and belief, the lease for the Leasehold requires the Landlord to comply with local laws.

58) The City is a locality that has not permitted detention facilities since 2018, and prior to that required a special use permit.

59) Absent a pre-existing use, with a valid special use permit, no one can locate or use a detention facility within the City.

60) After the April revocation of the SUP, the Owner continues to lease a facility used for detention in violation of the City's Code and on information and belief, in violation of its obligation to comply with local laws as well as its contractual pledge required by the GSA to comply with the local laws.

61) The Owner's actions indicate that it believes it can continue leasing a facility with a holding area or detention area with GSA/ICE notwithstanding the City's Code, the City believes its code is enforceable in the current instance against Owner or anyone who does not comply with it.

62) Accordingly, there is an actual controversy and dispute between the parties that can be resolved by this Court's declaration.

63) The City requests that the Court declare that:

a. Leasing a property for purposes not permitted by the Code, is a violation of the Code.

b. Owner may not lease a property in violation of the City's Code;

c. The City may recover a fine of $1,000.00 a day from the first violation of the Code and for each and every day until the violations cease; or alternatively, a $1,000.00 for each specific violation of the Code.

## SECOND CLAIM FOR RELIEF

## Preliminary and Permanent Injunction

64) GWS incorporates by reference the allegations set forth above as if fully set forth herein.

65) The Leasehold is located within the City and is subject to the City's Code.

66) The City does not have zoning that allows holding or detaining individuals.

67) The Leasehold does not have an existing Special Use Permit allowed under past iterations of the City Code which would allow general or short term detentions to occur on the Leasehold property.

68) The City is authorized to seek injunctive relief to prevent, enjoin, abate, or remove unlawful erection, construction, reconstruction, alteration, or use of buildings, structures, or land in violation of its code.

69) Owner's violation of the Code by not complying with the terms of the SUP, and continuing after the revocation are ongoing and constitute a nuisance that will continue unless enjoined by this Court.

70) The City has no adequate remedy at law.

71) Colorado law permits a municipality to enjoin violations of its Code:

> **(II)** The governing body of the municipality may enact ordinances which provide that any establishment which engages in repeated or continuing violations of regulations adopted by the governing body shall constitute a public nuisance. In addition to the power provided for in paragraph (c) of this subsection (1) the governing body of the municipality may bring an action for an injunction against the operation of such establishment in a manner which violates such regulations.
>
> C.R.S. § 31-15-401(1)(p).

72) If a property owner violates a city zoning ordinance, the city is not limited to the issuance of a citation or the filing of a complaint, but may obtain an injunction to restrain the violation.

*Colo. Springs v. Blanche*, 761 P.2d 212, 218 (Colo. 1988), citing *City of Englewood v. Kingsley*, 497 P.2d 1004 (Colo. 1972).

73) The City is entitled to a preliminary injunction ordering Owner to cease the activity violating the City Code and to refrain from further violations pending final resolution of this action.

74) The City is entitled to a permanent injunction ordering Owner to permanently cease the violating activity, to abate, remove, or cure the existing violation, and to refrain from future violations of the Code.

75) The City is likely to succeed on the merits of this claim because Owner owns and is leasing the Leasehold as a detention faculty in clear violation of GSMC 070.030.020 - Table of Allowed Uses.

76) The City and the public will suffer irreparable harm if the violation continues, by not protecting their health, safety and welfare through enforcement and compliance of a generally applicable land use Code.

77) The balance of equities favors the City because Owner has no right to violate the Code, GSA and ICE agreed to comply with the Code, and enforcement of lawful land use regulations protects the health, safety, and welfare of the public.

78) Injunctive relief is in the public interest because it will promote orderly land use, protect surrounding property owners, and ensure compliance with duly enacted land use regulations.

79) The City is entitled to a preliminary injunction ordering Owner to cease leasing the Leasehold for detentions pending final resolution of this action.

80) The City is entitled to a permanent injunction ordering Owner to permanently cease leasing the Leasehold for detentions, and imposing a penalty of one thousand dollars ($1,000) for each violation of the code.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of it and against Defendant as follows:

1. **Declaratory Relief:** Declare that:
    a. Leasing a property for purposes not permitted by the Code, is a violation of the Code.
    b. Owner may not lease a property in violation of the City's Code;
    c. The City may recover a fine of $1,000.00 a day from the first violation of the Code and for each and every day until the violations cease; or alternatively, a $1,000.00 for each specific violation of the Code.
2. **Preliminary Injunction**: Issue a preliminary injunction ordering Defendant to cease leasing the Leasehold for detentions pending final resolution of this action;

3. **Permanent Injunction**: Issue a permanent injunction ordering Defendant to permanently cease leasing the Leasehold for detentions, and imposing a penalty of one thousand dollars ($1,000) for each past and future violation of the code;

4. **Costs:** Award the City its reasonable costs of suit. C.R.C.P. 54(d); C.R.S. § 13-51-114.

5. **Further Relief:** Grant such other and further relief as the Court deems just and proper, including additional relief allowed to enforce the declaration made under C.R.C.P. 57

Submitted On: September 25, 2026

*Attorneys for Plaintiffs*

KARP NEU HANLON, P.C.

By: /s/ *James F Fosnaught*,
James F. Fosnaught, Esq.

Plaintiffs' Mailing Address
c/o Karp Neu Hanlon, P.C.
P.O. Drawer 2030
Glenwood Springs, CO 81611

## VERIFICATION

STATE OF COLORADO )
) ss.
COUNTY OF GARFIELD )

I, Steve Boyd, after being duly sworn upon oath, state that the information contained in the Verified Complaint is true and correct.

Steve Boyd, City Manager

Subscribed and sworn to before me on September 25, 2026, by Steve Boyd.

My commission expires 1/24/2027.

Notary Public

Angelique Petterson
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID# 20114003802
MY COMMISSION EXPIRES 1/24/2027

| | |
|---|---|
| DISTRICT COURT, GARFIELD COUNTY, COLORADO<br>109 8th Street, Suite 207<br>Glenwood Springs, CO 81601<br>970-928-3065 | DATE FILED<br>September 25, 2026 2:29 PM<br>FILING ID: 17D18852C2A42<br>CASE NUMBER: 2026CV30217 |
| **PLAINTIFF**:<br>THE CITY OF GLENWOOD SPRINGS<br><br>v.<br><br>**DEFENDANT:**<br>JG HOUSING SOLUTIONS, LLC | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff*:<br>Karl J. Hanlon, #27320<br>James F. Fosnaught, #31820<br>Rachel A. Sigman, #60900<br>Karp Neu Hanlon, P.C.<br>201 14th Street, Suite 200<br>P. O. Drawer 2030<br>Glenwood Springs, CO 81602<br>Tel.:(970) 945-2261<br>kjh@mountainlawfirm.com<br>jff@mountainlawfirm.com<br>ras@mountainlawfirm.com | Case Number: 2026CV______<br><br>Div. |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☑ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

> By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☐ Plaintiff makes a **Jury Demand** at this time for all claims triable by jury and pays the requisite fee. *See* C.R.C.P. 38. LOGRO reserves the right to change this designation prior to trial.

Dated September 25, 2026.

*Attorneys for Plaintiff*

**KARP NEU HANLON, P.C.**
By: /s/ *James F. Fosnaught*
James F. Fosnaught

Plaintiff's Address:
c/o Karp Neu Hanlon, P.C.
P.O. Drawer 2030
Glenwood Springs, CO 81601

| | |
|---|---|
| DISTRICT COURT, GARFIELD COUNTY, COLORADO<br>109 8th Street, Suite 207<br>Glenwood Springs, CO 81601<br>970-928-3065 | DATE FILED<br>September 25, 2026 2:29 PM<br>FILING ID: 17D18852C2A42<br>CASE NUMBER: 2026CV30217 |
| **PLAINTIFF**:<br>THE CITY OF GLENWOOD SPRINGS<br><br>v.<br><br>**DEFENDANT:**<br>JG HOUSING SOLUTIONS, LLC | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff*:<br>Karl J. Hanlon, #27320<br>James F. Fosnaught, #31820<br>Rachel A. Sigman, #60900<br>Karp Neu Hanlon, P.C.<br>201 14th Street, Suite 200<br>P. O. Drawer 2030<br>Glenwood Springs, CO 81602<br>Tel.:(970) 945-2261<br>kjh@mountainlawfirm.com<br>jff@mountainlawfirm.com<br>ras@mountainlawfirm.com | Case Number: 2026CV______<br><br>Div. |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE-NAMED DEFENDANT:**

**JG HOUSING SOLUTIONS, LLC**
15444 27th Street, Ct E
Parrish, FL, 34219

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Verified Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: September 25, 2026

KARP NEU HANLON, P.C.
*Attorneys for Plaintiff*

By: */s/ James F. Fosnaught*
James F. Fosnaught

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer, and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion, and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| | |
|---|---|
| DISTRICT COURT, GARFIELD COUNTY, COLORADO<br>109 8th Street, Suite 104<br>Glenwood Springs, CO, 81601<br>(970) 928-3065 | DATE FILED<br>October 1, 2026 2:44 PM<br>CASE NUMBER: 2026CV30217 |
| **PLAINTIFF: THE CITY OF GLENWOOD SPRINGS V**<br>**V**<br>**DEFENDANT: JG HOUSING SOLUTIONS, LLC** | ▲**COURT USE ONLY**▲ |
| | Case No.: 26CV30217<br>Division: A |
| **DELAY REDUCTION ORDER AND ORDER TO SET CASE MANAGEMENT CONFERENCE IN CIVIL CASES ASSIGNED TO JUDGES HAYNES, MYER, RYAN, NORRDIN, AND MAKAR** | |

1. All parties to civil cases assigned to Judges Elise V. Myer, Alexander Haynes, Susan M. Ryan, Anne K. Norrdin, and Laura Makar shall comply with this Order.

2. Deadlines that must be met are: (a) Returns of Service on all defendants shall be filed within 63 days after the date of the filing of the complaint or, alternatively, if that is not done, plaintiff shall file a status report and explain the difficulties in accomplishing service and request an extension of time to complete service; (b) Application for default judgment shall be filed within 30 days after default has occurred; and (c) Within 42 days after the case is at issue, the responsible attorney or, if both parties are not represented by an attorney, the plaintiff, shall notice a case management setting conference with the judicial assistant for the judge to whom the case is assigned: Kyton Rew for Judge Myer (970-928-3091), Nancy Risner for Judge Haynes (970-928-3093), Maria Vergara Postay for Judge Makar (970) 925-7635, ext. 3, Preslie Fox (970-928-3095) for Judge Norrdin, and Melissa Valencia (970) 928-3097 for Judge Ryan. The Case Management Conference shall be set for a time after the parties Proposed Case Management Order is filed. A Case Management Order and Conference are not required in C.R.C.P. 16.1 cases but may be requested. **Attorneys may request a Word version of the Proposed Case Management Order be emailed to them by contacting the respective Judge's Clerk**.

3. The court will consider extending these time periods upon a motion showing good cause.

4. At the Case Management Conference, the parties and the court will discuss the parties' Proposed Case Management Order which shall comply with amended C.R.C. P 16 (b)(1) through (17) and the attached Modified Civil Case Management Order. The Case Management Conference and other conferences will be by telephone only and NOT in person unless specifically ordered by the court. The trial schedule will not be set until completion of discovery and mediation or other alternative dispute resolution.

5. Plaintiff shall mail a copy of this order to all parties who enter an appearance and who do NOT file their appearance electronically. Any party who files an appearance by E-Filing, shall take notice of this Order.

Dated: October 1, 2026

CLERK OF COURT

*/s/ Pamela Higgins*
PAMELA HIGGINS

| | |
|---|---|
| DISTRICT COURT, GARFIELD COUNTY, COLORADO<br>109 8th Street, Suite 104<br>Glenwood Springs, CO, 81601 | |
| Plaintiff:<br>vs.<br>Defendants: | **▲COURT USE ONLY▲** |
| Garfield County Courthouse<br>Phone Number: (970) 928-3065 | Case No.:<br><br>Division: |
| **FORM CIVIL CASE MANAGEMENT ORDER** | |

The parties shall use this Form Case Management Order when preparing the proposed Case Management Order to be submitted to the court.

Pursuant to C.R.C.P. 16(b), the parties will discuss each item below. If they agree, the agreement should be stated. If they cannot agree, each party should state their position briefly. If an item does not apply, it should be identified as not applicable.

This form shall be submitted to the court in editable format. When approved by the court, it shall constitute the Case Management Order for this case unless modified by the court upon a showing of good cause.

This form must be filed with the court no later than 42 days after the case is at issue and at least 7 days before the date of the case management conference. The parties will comply with the Case Management Order entered by the court

**Trial to the Court or Jury will not be scheduled until completion of all discovery except for expert depositions, and completion of mandatory mediation.**

The case management conference is set for ______________ ____, 20_____ at __:__ _.m.

**1.** The "at issue date" is: ____________________________________________________________.

**2.** Responsible attorney's name, address, phone number and email address:

______________________________________________________________________________

**3.** The lead counsel for each party, ________________________________________________________, and any party not represented by counsel, ____________________________________________, met and conferred in person or by telephone concerning this Proposed Order and each of the issues listed in Rule 16(b)(3)(A) through (E) on ________________ __, 20 ____.

**4.** Brief description of the case and identification of the issues to be tried (not more than one page, double-spaced, for each party): __________________________________________________

**5.** The following motions have been filed and are unresolved:

______________________________________________________________________________

**6.** Brief assessment of each party's position on the application of the proportionality factors, including those listed in C.R.C.P. 26(b)(1): ________________________________

**7.** The lead counsel for each party, ________________________________________________, and any party not represented by counsel, ________________________________________, met and conferred concerning possible settlement. The prospects for settlement are: ________________________________________________________________________

**8.** Deadlines for:

a. Amending or supplementing pleadings: (Not more than 105 days (15 weeks) from at issue date.) ______________________________________________________________

b. Joinder of additional parties: (Not more than 105 days (15) weeks from at issue date.) __________________________________________________________________

c. Identifying non-parties at fault:___________________________________________

**9.** Dates of initial disclosures: __________________________________________________

Objections, if any, about their adequacy: ______________________________________

**10.** If full disclosure of information under C.R.C.P. 26(a)(1)(C) was not made because of a party's inability to provide it, provide a brief statement of reasons for that party's inability and the expected timing of full disclosures __________________________________________, and completion of discovery on damages: _______________________________________

**11.** Proposed limitations on and modifications to the scope and types of discovery, consistent with the proportionality factors in C.R.C.P. 26(b)(1):__________________________________

Number of depositions per party (C.R.C.P. 26(b)(2)(A) limit 1 of adverse party + 2 others + experts per C.R.C.P. 26(b)(4)(A)): _________________________________________________

Number of interrogatories per party (C.R.C.P. 26(b)(2)(B) limit of 30): __________________

Number of requests for production of documents per party (C.R.C.P. 26(b)(2)(D) limit of 20): ________________________________________________________________________

Number of requests for admission per party (C.R.C.P. 26(b)(2)(E) limit of 20): __________

Any physical or mental examination per C.R.C.P. 35: ______________________________

Any limitations on awardable costs: ______________________________________________

State the justifications for any modifications in the foregoing C.R.C.P. 26(b)(2) limitations: ________________________________________________________________________

**12.** Number of experts, subjects for anticipated expert testimony, and whether experts will be under C.R.C.P. 26(a)(2)(B)(I) or (B)(II). The Court will allow a deviation from the expert disclosure deadlines set forth in C.R.C.P 26(2)(C) for good cause:

________________________________________________________________________

If more than one expert in any subject per side is anticipated, state the reasons why such expert is appropriate consistent with proportionality factors in C.R.C.P. 26(b)(1) and any differences among the positions of multiple parties on the same side:_______________________________________

**13.** Proposed deadlines for expert witness disclosure if other than those in C.R.C.P. 26(a)(2):

a. production of expert reports:

i. Plaintiff/claimant: _________________________________________________

ii. Defendant/opposing party: _________________________________________

b. production of rebuttal expert reports: ______________________________________

c. production of expert witness files: _________________________________________

State the reasons for any different dates from those in C.R.C.P. 26(a)(2)(C): _______________
______________________________________________________________________________

**14.** Discovery Deadline: All discovery, except for expert depositions, shall be completed by _____________________. Requests to supplement discovery after this deadline must be made by written motion. Expert depositions must be completed no later than 45 days before trial unless the parties stipulate to, or the court approves, a later deadline.

**15.** Discovery Disputes and Rule 37 Motions: Prior to filing any Rule 37 Motion or other motions relating to discovery disputes, the parties will confer in good faith to attempt to resolve the dispute. If those attempts are not successful, the parties will contact the court's judicial assistant to set the matter for a ½ hour telephone conference with the court to address the dispute. At least three business days prior to the telephone conference the parties will each file a brief summary, not to exceed three pages in length (excluding the caption and certificate of service), describing the specific issues in controversy and citing any applicable case law or other authority. At the telephone conference the court and the attorneys will attempt to resolve the dispute. If the dispute is not resolved at that time, the parties, with leave of the court, may then file formal Motions and Responses under Rule 37.

**16.** Electronically Stored Information: The parties (do)(do not) anticipate needing to discover a significant amount of electronically stored information. The following is a brief report concerning their agreements or positions on search terms to be used, if any, and relating to the production, continued preservation, and restoration of electronically stored information, including the form in which it is to be produced and an estimate of the attendant costs.

______________________________________________________________________________

**17.** Mediation: The court will not set a trial date until all discovery, except for expert depositions, and mediation is completed unless the parties can show good cause for setting a trial without mediation. Pursuant to Rule 16(b)(7) mediation or other ADR will be completed by:___________________________.

**18.** Written Motions: Whenever necessary or appropriate, the parties may submit motions that include citations to specific, applicable law. However, prior to engaging in such practice, the parties must confer per C.R.C.P. 121 § 1-15-(8). The court will not consider any motion unless there is a certificate of conferral cited in the motion or a valid reason stating why conferral did not occur. Page limits on motions are as set forth in C.R.C.P. 121 § 1-15(1)(a), and must comply with C.R.C.P 10 as amended effective April 1, 2016. Requests to exceed the page limit must be made by separate motion. If exhibits are attached to any motion, the exhibits must be separately uploaded into the e-filing system and separately designated by exhibit number or letter as well as a brief description of the exhibit so it can be quickly accessed by the court. For example "Exhibit B – Affidavit of John Doe" is acceptable. Exhibits that are merely described by number or letter, without more, will be rejected.

**19**. C.R.C.P. 16.1 Cases: A Motion for Exclusion from C.R.C.P. 16.1 must be filed in compliance with C.R.C.P. 16.1(d) unless the exclusion automatically applies based on the filing of the Civil Cover Sheet for cases in excess of $100,000 in damages exclusive of attorneys, interest and costs, or the case is otherwise exempt from Rule 16.1. Pursuant to C.R.C.P. 16.1(j), the court does not automatically require a case management conference in C.R.C.P. 16.1 cases, and a form Case Management Order is not required. A Case Management Conference may be requested by either party. A trial date will not be set in any C.R.C.P. 16.1 case until the parties have completed mediation and completed their required disclosures and the limited discovery permitted by the Rule. When mediation is completed, the parties may contact the court for a trial setting conference pursuant to paragraph 21 below. Once a trial date is established, the deadlines for additional discovery under C.R.C.P. 16.1(k)(2) – (8) will apply. The court will try to give Rule 16.1 cases early trial settings if possible.

**20.** Settlement: The court is to be immediately notified if the case settles.

**21.** Trial Setting Conference: If mediation is unsuccessful, plaintiff's counsel shall issue a Notice to Set Trial Setting Conference at which time the court will set trial dates and trial preparation deadlines and enter a Trial Management Order. The court requires written confirmation from the plaintiff or responsible attorney that mediation was conducted before a trial date will be given.

**22.** Other Matters:______________________________________________________.

DATED this _____ day of ______________, 20_____.

| | |
|---|---|
| ______________________________ | ______________________________ |
| Signature | Signature |
| ______________________________ | ______________________________ |
| Attorney for Plaintiff | Attorney for Defendant |

IT IS HEREBY ORDERED that the foregoing, including any modifications made by the court, is and shall be the Case Management Order in this case.

Dated this ___ day of ________________, 20__.

BY THE COURT:

______________________________
District Court Judge